168 So. 109

**ROSENTHAL v. ROSENTHAL.**

No. 33844.

April 27, 1936.

See, also, 184 La. 230, 165 So. 876.

I. W. Rosenthal, of New Orleans, for appellant.

James G. Schillin, of New Orleans, for appellee.

BRUNOT, Justice.

This is a suit for a separation a mensa et thoro. There are no pleadings in the record, and no agreement of counsel authorizing their omission therefrom, but, inasmuch as counsel have submitted the case, without complaint, on the transcript filed in this court, we must conclude that the omission was a matter of consent, and we will look to the judgment for the issues presented and passed upon.

The judgment is in favor of the plaintiff and against the defendant, decreeing a separation from bed and board between them; rejecting the defendant's reconventional demand; perpetuating a judgment of the court fixing alimony payable to the

plaintiff by the defendant at $40 per month; enjoining the defendant from incumbering or disposing of the property belonging to the community existing between them; and taxing the defendant with the costs of the suit.

The defendant appealed, suspensively and devolutively, from the judgment.

Aside from the court minutes, the judgment, the order of appeal, and the appeal bond, the transcript is made up entirely of 116 pages of oral testimony. Our reading of the testimony has led us to the conclusion that the premarital agreement testified to and relied upon by the defendant, but vehemently denied by the plaintiff, is, in part, so extraordinary, and so inconsistent with the duty of a husband to provide his wife with a home and to shield her from criticism, especially where she is shown to be a woman of refinement and of a social status above the ordinary, as to be unbelievable unless it be established by indisputable proof.

When the trial of the case began, the defendant was called to the stand for the purpose of cross-examination. At that time he testified that the premarital agreement was a secret contract entered into between himself and the plaintiff, and that no other person was present. When he took the stand as a witness in his own behalf, he

repudiated the testimony given by him when called on cross-examination, and offered a colored woman attendant in his office, and a man whom he claimed happened to be in his office at the time, to prove that the premarital agreement was made in his office and in the presence of his two witnesses. These witnesses corroborated the defendant, in part, but the trial judge had them under his observation while testifying, and he is, therefore, far more competent to determine their credibility and the weight to be given their testimony than is this court, with nothing but the record of the testimony before it.

The trial judge evidently dismissed their testimony as unworthy of belief, and the record discloses no good reason for questioning the accuracy of his conclusion.

Owing to the social status of the litigants, and to the fact that the plaintiff pleaded with her husband to provide her with a home and to live with her as man and wife, we think it advisable to abstain from reviewing the testimony at greater length.

Finding no reversible error in the judgment appealed from, it is affirmed at appellant's cost.

ROGERS, J., concurs in the decree.

O'NIELL, C. J., absent.